GUSTAV D. W. KOHLER, APPELLEE, V. GEORGE B. HUGH-
BANKS, APPELLANT.

FILED JUNE 7, 1907. No. 14,852.

Appeal: HARMLESS. ERROR. The action of a trial court in withdrawing
a cause of action from the consideration of the jury will not be
held erroneous on account of the reason given therefor by the
court, if the withdrawal is proper for any reason.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

J. H. Linderman and George C. Gillan, for appellant.

E. A. Cook, contra.

JACKSON, C.

The plaintiff, as landlord, sued the defendant for rentals and had judgment, from which the defendant appeals.

The items involved were $15 for the use of alfalfa land, $23.50 for rent of a small pasture, and $50 for use of a larger pasture. The item of $15 for alfalfa was admitted. That of $23.50, rental of small pasture, was eliminated by the trial court, and the amount of recovery on the last item was dependent upon the number of head of stock kept in the larger pasture. The judgment was for $59, and is assailed as being contrary to the evidence.

Both parties agree that the use of the larger pasture was worth 40 cents a month per head of stock pastured, and the evidence on behalf of the plaintiff tends to prove that the defendant had 26 head of cattle in the pasture for 5½ months, besides as many as 11 head of horses at a time when they were counted by one of the plaintiff's witnesses.

The stock thus accounted for was in addition to 10 head which the defendant was entitled to have pastured free. The defendant testified that he had only 20 cattle in the pasture in all, and those for 5 months, besides 8 horses for 3 or 4 days. Judgment for a less amount would have been more in accord with our own ideas of a just determination of the litigation, but the weight to be given to the evidence involves a question exclusively within the province of the jury, and we are not at liberty to disturb their findings, where there is a substantial conflict in the evidence.

The answer contained a counterclaim, all items of which were put in issue by denial, and, with one exception, submitted to the jury upon conflicting evidence. The findings of the jury as to the defendant's cause of action are conclusive within the rule already stated.

The exclusion of one item of the defendant's counterclaim is challenged as erroneous. It appears that a single well supplied the water for the two pastures referred to, and that the lease of the farm upon which these pastures were situate provided that the defendant should keep the pump and windmill in repair, the plaintiff to furnish the material for that purpose. The item of defendant's counterclaim excluded was $30 for pumping water by hand during a time when it was claimed the mill was out of repair and incapable of pumping sufficient water to supply the needs of all the cattle kept in the pasture. The trial court held that the cost of pumping water by hand was not a proper measure of damages. We think the item was properly excluded for another reason. The obligation to repair the mill rested upon the defendant by the express terms of his contract, and the evidence does not disclose that he ever requested the plaintiff to furnish material for that purpose. There was some talk about a new mill, which was ultimately provided, so that under no theory of the case was the defendant entitled to have his claim for pumping water considered by the jury.

24

We recommend that the judgment of the district court be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.